IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SANDRA WYCHE**                                                                    **PLAINTIFF**

**v.**                                                          **CAUSE NO. 1:10CV541 LG-RHW**

**CITY OF GULFPORT, MISSISSIPPI, ET AL.**                      **DEFENDANTS**

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH AND DISMISS

THIS CAUSE COMES BEFORE THE COURT on the Motion [17] of Defendants the City of Gulfport, Mississippi, and City employees Edmond Salloum, David D'Aquilla, Reginald Sims, John Kelly and Cheryl Millender, to quash defective service attempt and to dismiss pursuant to Fed. R. Civ. P. 12. The Motion was filed more than 75 days ago, and there has been no response from the *pro se* Plaintiff, whose lawsuit concerns allegations of retaliatory discharge pursuant to Title VII and related claims. After due consideration of the matter, the Court finds that the Motions should be granted and this case dismissed without prejudice.

### FACTS AND PROCEDURAL HISTORY

Plaintiff Sandra Wyche was initially represented by counsel when she filed this lawsuit on November 29, 2010. There was no further activity in the case for more than a year, until the Court ordered Plaintiff in February 2012 to show cause why the case should not be dismissed for failure to effect service. There was no response to this order, and so the Magistrate Judge recommended that the Court dismiss the case for failure to serve process. (Rep. & Rec. Mar. 30, 2012, ECF No. 4). Plaintiff's counsel then filed a motion to withdraw as attorney, which the Court

ultimately granted. However, Plaintiff was required to obtain substitute counsel or inform the Court in writing that she wished to proceed *pro se*. After obtaining one extension of time to make her choice, Plaintiff filed a notice of her intent to proceed *pro se* on July 31, 2012.

Because Plaintiff made no effort to prosecute this case after informing the Court that she was proceeding *pro se*, the Court informed her of her duty to serve process on the defendants, referring to Fed. R. Civ. P. 4(m), and granted a 60-day extension of time for her to do so. Four days before the extension expired, Plaintiff obtained summonses for all named defendants from the court clerk. (ECF No. 14). The returns were made the next day as follows:

For the City of Gulfport and Cheryl Millender, the server checked the box indicating that he left the summons with Minnie Blue at these Defendants' residence or usual place of abode.

For Reginald Sims, Edmond Salloum, and David D'Aquilla, the server checked the box indicating that he left the summons with Liz Macmillan at these Defendants' residence or usual place of abode.

For John Kelly, the server checked the box indicating that he left the summons with Antoinette F. White at Kelly's residence or usual place of abode.

The summons issued for Kerri Jones was returned unexecuted.

## DISCUSSION

A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating

its validity when an objection to service is made. *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007).

The City of Gulfport challenges Plaintiff's attempt to serve it with process by serving Minnie Blue, who states in an affidavit that she is a part-time Administrative Assistant with the City and is neither an authorized nor a duly appointed agent to accept service on behalf of the City. (Mot. to Quash/Dism. Ex. C pt. 1, ECF No. 17-16).

Service may be effected "pursuant to the law of the state in which the district court is located or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State." FED. R. CIV. P. 4(e)(1). In the case of a municipality, Mississippi law requires that service be effected "by delivering a copy of the summons and complaint to the mayor or municipal clerk of said municipal corporation." MISS. R. CIV. P. 4(d)(7). Plaintiff has not shown that Minnie Blue is the Gulfport Mayor or municipal clerk. Accordingly, Plaintiff's attempt at service of process upon the City was ineffective and should be quashed[1]

The individual Defendants challenge Plaintiff's attempts to serve them by leaving the summonses with other people employed as Administrative Assistants for the City of Gulfport. In the case of individuals, Mississippi law requires that

---

[1] The individual employees have been sued in their individual and official capacities. Claims against them in their official capacities are claims against the City itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

service be effected by personal delivery, leaving a copy at the individual's dwelling house with an appropriate person, or by service upon an agent.[2]

Elizabeth Macmillan, an Administrative Assistant for the City, states in her affidavit that summonses for Reginald Sims, Edmond Salloum, and David D'Aquilla were dropped off at her desk, but she is not related by blood or marriage to any of these people, and she is not otherwise authorized to accept service of process for any of them. (Mot. to Quash/Dism. Ex. B pt. 1, ECF No. 17-5).

Antoinette F. White, an Administrative Assistant for the City, states in her affidavit that someone handed her the summons and complaint addressed to John Kelly. White is not related to Kelly by blood or marriage, nor is she otherwise authorized to accept service of process for him. (Mot. to Quash/Dism. Ex. D pt. 1, ECF No. 17-20).

Clearly, leaving the summonses with clerical employees is not sufficient to effectively serve process upon the individual Defendants pursuant to Mississippi

---

[2] MISS. R. CIV. P. 4(d) requires service -

(1) Upon an individual other than an unmarried infant or a mentally incompetent person,

(A) by delivering a copy of the summons and of the complaint to him personally or to an agent authorized by appointment or by law to receive service of process; or

(B) if service under subparagraph (1)(A) of this subdivision cannot be made with reasonable diligence, by leaving a copy of the summons and complaint at the defendant's usual place of abode with the defendant's spouse or some other person of the defendant's family above the age of sixteen years who is willing to receive service, and by thereafter mailing a copy of the summons and complaint (by first class mail, postage prepaid) to the person to be served at the place where a copy of the summons and of the complaint were left. Service of a summons in this manner is deemed complete on the 10th day after such mailing.

law. Plaintiff's attempt to serve process in this manner should be quashed.

Plaintiff's failure to effectively serve process subjects her case to dismissal. It is true that service of process by *pro se* litigants is governed by special, or more lenient, rules. *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (citing *Lindsey v. United States R.R. Ret. Bd.,* 101 F.3d 444, 446 (5th Cir. 1996)). "Nonetheless, when the failure of effective service may be ascribed to the plaintiff's dilatoriness or fault or inaction, the case may be properly dismissed." *Id*. at 344-45 (quotation marks and citation omitted).

This case languished on the docket for over a year before the Court ordered Plaintiff to show cause for her failure to serve process. She was notified at that time that she faced dismissal because of her failure to serve process. She was explicitly advised that she must serve process on the defendants, and was given a generous period of time within which to do so. Nevertheless, Plaintiff's attempts were plainly inadequate under Mississippi law. Plaintiff has not responded to the motion to dismiss or attempted to correct her improper service. She has not asked for an extension of time or otherwise objected to the City's arguments regarding service. Plaintiff has given no indication that she wishes to do what is necessary to pursue her claims. Under these circumstances, the Court determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5), for insufficient service of process.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [17] of Defendants the City of Gulfport, Mississippi, and City employees Edmond Salloum,

David D'Aquilla, Reginald Sims, John Kelly and Cheryl Millender, to quash defective service attempt and to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(5) is **GRANTED**.  Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

  **SO ORDERED AND ADJUDGED** this the 22nd day of January, 2013.

           s/ *Louis Guirola, Jr.*
           LOUIS GUIROLA, JR.
           CHIEF U.S. DISTRICT JUDGE